IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

VELANTA MONIQUE BABBIT, in her individual capacity and as parent and guardian of D.B., a minor

Plaintiff-Appellee,

v.

SEBHAT AFEWORK, M.D.,

Defendant-Appellant,

v.

DIGNITY HEALTH,

Defendant-Appellee,

v.

UNITED STATES OF AMERICA,

Movant-Appellee,

No. 18-56576

---

## APPELLANT AFEWORK'S OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS

Appellant Sebhat Afework, M.D. respectfully submits his opposition to the United States' motion to dismiss. The Court has appellate jurisdiction under 28 U.S.C. §1291, as provided by 28 U.S.C. §1447(d) and the collateral order doctrine.

Furthermore, the district court had subject matter jurisdiction over this case under 28 U.S.C. §1442 and 42 U.S.C. § 233. Afework's federal defense of absolute immunity under §233(a) and request for substitution of the United States raise a federal question. Section 233(*l*)(2) necessarily supplies district courts with an "implied grant of subject matter jurisdiction." *Estate of Peggy Campbell v. South Jersey Med. Ctr.*, 732 Fed. Appx. 113, 116-117 (3d Cir. 2018). "For section 233(*l*)(2) to have any effect, a district court must at least have jurisdiction to substitute the United States when it is appropriate to do so." *Id*. Here, the remand order was not based on a lack of subject matter jurisdiction, but rather on erroneous procedural grounds.

At the core of the United States' motion to dismiss is the fundamentally flawed notion that a government official (not a federal court) has the final word on whether a deemed federal employee is acting within the scope of his employment for purposes of absolute immunity with respect to a particular state action.

However, in arguing that this Court lacks jurisdiction over Afework's appeal, the United States conveniently fails to recognize that 28 U.S.C.§1447(d) does not bar review of remand orders for cases removed pursuant to §1442. While generally remand orders on §1447(c) grounds are not reviewable, the United States ignores the plain language of §1447(d), which provides that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this

title *shall be reviewable by appeal* or otherwise." 28 U.S.C. §1447(d) (emphasis added). Because this case was removed pursuant to §1442, there is no statutory bar precluding review of the district court's remand order.

The scope of a motion dismiss is to determine whether this Court has jurisdiction, not to litigate the issues that reach the merits of the appeal. On the face of his Notice of Removal, Afework raises a timely §1442 colorable defense of absolute immunity pursuant to 42 U.S.C. §233(a). Doc. 1. As a deemed federal employee, he also properly invoked his removal right under 42 U.S.C. §233(*l*)(2). The district court's *sua sponte* raised issue with service of process (which is not jurisdictional) is not sufficient to preclude appellate review, especially where Afework's response to the Court's order to show cause was unrebutted. "District courts have no authority to remand a case *sua sponte* for procedural defects." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). (declining to create a circuit split and adopting the same interpretation of five other circuit courts). Furthermore, the issues which respect to removal under 42 U.S.C. §233(*l*)(2) and his federal defense of absolute immunity and substitution are collateral to the underlying merits of Plaintiff's medical malpractice claims. If these issues are not reviewed on appeal, they are effectively lost and insulated from any potential review.

## Statutory Background

Pursuant to the Emergency Health Personnel Act of 1970, codified at 42 U.S.C. §233, PHS personnel are absolutely immune from any civil action or proceeding arising out of their performance of medical, surgical, dental, or related functions within the scope of their employment. 42 U.S.C. §233(a). Section 233(a) extends absolute immunity to PHS personnel by making the remedy for damages against the United States under the Federal Tort Claims Act (FTCA) the *exclusive remedy* for such actions. *Id*.

The Federally Supported Health Centers Assistance Act of 1992 (and as amended in 1995) (the "FSHCAA"), 42 U.S.C. §233(g)-(n), authorizes the Secretary of U.S. Department of Health and Human Services (HHS) to extend to certain federally-funded health centers and their officers, directors, and employees (and certain contractors) the same protection that §233(a) affords to actual PHS employees. That protection is a grant of "absolute immunity . . . for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010).

In order to be deemed a PHS employee, for purposes of § 233(a) immunity, the FSHCAA requires a health center grantee to submit an application with detailed information and supporting documentation sufficient for HHS to verify

that the coverage would apply to all services provided by the health center and its providers to patients (and certain non-patients) of the center and that the center meets four requirements listed in §233(h). 42 U.S.C. §§233(g)(1)(D) and (h).

The Secretary is required to make a deeming determination for health centers and their personnel within 30 days of receipt of such a deeming application. *Id.* at §233(g)(1)(E). The application seeks §233(a) immunity with respect to a specific, prospective period of time, and necessarily in advance of any claim that may arise in that prospective period. *Id.* A favorable deeming determination by the Secretary (which confers immunity – which is sometimes referred to as "FTCA coverage" – on the health center and its personnel) is "final and binding" on the Secretary of HHS, the Attorney General, and any party to any civil action or proceeding with respect to the designated time period. 42 U.S.C. §233(g)(1)(D)-(F).

When a plaintiff files suit against a deemed health center or any of its employees in state court, the deemed defendant has a duty to deliver "all process served upon him or an attested true copy thereof to his immediate superior or to whoever was designated by the Secretary to receive such papers." 42 U.S.C. §233(b). For deemed health centers and their personnel, HHS policy requires a deemed health center to submit any state court complaints by fax or email to the Claims and Employment Law Branch of the General Law Division in HHS's

Office of the General Counsel (OGC).[1] That division of HHS is then obligated to "*promptly* furnish copies of the pleading and process" to the appropriate local U.S. Attorney, the Attorney General, and the Secretary of HHS. "It is the *supervisor* [in this case the Claims and Employment Law Branch of HHS]*, not the *employee,* who must 'promptly' deliver the suit papers to the government." *McLaurin v. United States*, 392 F.3d 774, 779 (5th Cir. 2004).

The Attorney General has a mandatory duty to appear in court within 15 days of notice of the lawsuit to report as to whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the PHS for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 U.S.C. §233(*l*)(1). This requires that the Attorney General state whether the Secretary issued a "final and binding" deeming determination and whether the claims alleged in the complaint fall within the deemed period. Such advice is deemed to satisfy the scope of employment certification under §233(c) for purposes of removal, *id*. §233(*l*)(1), and in doing so ensures a federal forum to resolve any assertion of immunity – that is to determine whether the deemed federal employee was acting

---

[1] *See* HRSA Guidance, *Claims Filing: Health Centers*, https://bphc.hrsa.gov/ftca/claimsfiling/healthcenterclaims.html (last visited Jan. 14, 2019).

within the scope of his deemed federal employment for purposes of substitution of the United States. *El Rio Santa Cruz Neighborhood Heath Ctr., Inc. V. Dept. of Health and Human Servs*., 396 F.3d 1265, 1272 (D.C. Cir. 2005) (recognizing removal provision under §233(*l*)(2) as a mechanism to "to assure that the United States [is] substituted as the defendant in place of the Center and/or its personnel and that the case proceed[s] as a tort action" against the United States under the FTCA) (citing 42 U.S.C. §233(c)); *Cf*. 28 U.S.C. §2679(d) (FTCA's pre-existing analog to §233(*l*) recognizes that a federal forum is the proper place to resolve disputes as to scope of employment for purposes of immunity); *Booker v. United States*, 2015 WL 3884813, *7 (E.D. Pa. June 24, 2015) (recognizing §233 as akin to 28 U.S.C. §2679(d)). Once the case is removed to federal court, the Attorney General can then make its position on scope of employment known and any disputes with respect to scope of employment are to be resolved by the federal court.

If, however, the Attorney General (or his or her authorized representative) fails to appear in state court within 15 days of notice of the state action (despite the mandatory duty to do so), the deemed health center defendant or its employee-defendant has a right to remove the matter to the appropriate federal district court, without any time limit for doing so. 42 U.S.C. § 233(*l*)(2). *Estate of Booker v. Greater Philadelphia Health Action, Inc.*, 10 F.Supp.3d 656, 664

(E.D. Pa. 2014).

## Factual and Procedural Background

Eisner Pediatric Family Medical Center ("Eisner") is a community health center receiving federal grant funds under Section 330 of the Public Health Service ("PHS") Act, 42 U.S.C. § 254b. The Secretary has delegated the management of the health center grant program to the Health Resources & Services Administration ("HRSA"), a division of HHS. 42 U.S.C. § 254(o). Based on its status as a federally-funded health center, Eisner submitted deeming applications for itself and its personnel with respect to each year and all times relevant to this action. The Secretary, under 42 U.S.C. § 233(g) and (h), approved those applications and issued "final and binding" Notices of Deeming Action, which deem Eisner and its employees to be federal PHS employees for purposes of the federal immunity provided under § 233(a). Doc. 1-3. At all times relevant to this action, Afework was an employee of Eisner and deemed a federal employee of the PHS. Doc. 1-2, Doc. 29-1.

From March 30, 2007 through September 28, 2015, HHS approved Eisner and its providers, including Afework, to provide obstetrical and gynecological services to patients at the California Hospital Medical Center (CHMC), which HHS approved as a delivery site within Eisner's Section 330 grant project. Docs. 1- 7, 32-1, 8-5.

Plaintiffs filed a state court complaint on February 16, 2016 alleging that

Dignity Health (also doing business as California Hospital Medical Center) and Afework were negligent during Plaintiff Babbitt's delivery and Minor Plaintiff's birth on November 14, 2014. Doc. 1-1 at 5-6.

Consistent with HHS policy and 42 U.S.C. §233(b), on July 16, 2018, Afework, through his attorney, submitted the state court complaint by email to the Claims and Employment Law Branch of the General Law Division of the OGC at HHS. Once received by the Claims and Employment Law Branch, HHS-OGC (not Afework) had a duty to "promptly" notify the Secretary, the local U.S. Attorney, and the Attorney General. Despite the Secretary's "final and binding" deeming determination, the Attorney General failed to appear in state court, within 15 days of Afework's notice to HHS-OGC, to advise the state court that the Secretary deemed Afework to be a PHS employee of the with respect to the acts or omissions alleged by Plaintiff.

As such, on July 27, 2018, Afework removed plaintiff's medical malpractice case against him pursuant to 42 U.S.C. §233(*l*)(2) and 28 U.S.C. §1442(a)(1). On August 14, 2018, after Afework removed the action to federal court, the Attorney General filed a notice *in state court*, stating that whether Afework deemed to be a PHS employee was still "under consideration." Doc. 39-1 at 80-81. At that time, however, government counsel neglected to mention the fact that the Secretary had already made a final and binding determination as

to Afework's deemed status with respect to the acts or omissions that are the subject plaintiff's complaint (*e.g.* whether the acts or omissions alleged in the complaint occurred during the deemed period). That "final and binding" deemed status was all that the Attorney General was required to report for purposes of §233(*l*)(1). The only thing left to consider was whether he was acting within the scope of his deemed PHS employment, which is to be confirmed or otherwise decided (if disputed) in a federal forum. 42 U.S.C. §§233(*l*)(1), 233(a).

By any standard, an Attorney General notice in state court, without advising the state court of the Secretary's deeming determination is insufficient to preclude judicial review under §233(*l*)(2). The *Attorney General's* notice in state court stating only that "*it* was considering whether Afework was acting within the scope of his employment with respect to the allegations in the complaint," Mot. To Dismiss at 7, fails to comply with §233(l)'s requirements that the Attorney General report whether the Secretary deemed Afework to be a federal employee at the time of the allegations raised in the complaint. Instead, the Attorney General reads §233(*l*)(1) in a manner that would suggest that it has the authority to undo the Secretary's "final and binding" deeming determination and prevent removal simply by filing a notice in state court. This appearance was a pure litigation tactic to advance an ill-conceived argument that, by simply by filing a notice in state court, the government is able to preclude judicial review

of its own adverse (and self-interested) scope of employment determination. The appearance contemplated by §233(*l*)(1) is one that ensures federal judicial review and a federal forum for deemed PHS employees. It was not until September 12, 2018 – 44 days after it claims to have received notice of this case[2]– that the Attorney General filed an "Amended Notice to State Court Pursuant to 42 U.S.C. §233(*l*)(1)" stating that Afework is not a deemed PHS employee for purposes of plaintiff's claims against him. Doc. 39-1 at 88. Having disregarded the appearance and removal obligations contemplated by §233(*l*)(1), the burden of removal fell to Afework.

## Argument

### A. Section 1442 removals are an express exception to 1447(d)'s bar of review of remand orders

Contrary to claims of the United States, this Court has jurisdiction over Afework's appeal. He removed the state action to federal court pursuant to 28 U.S.C. § 1442, which is an express exception to §1447(d)'s bar on the review of remand orders. Doc. 1. While §1447(d)'s general rule is that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," it provides an express exception – that appellate review is *mandatory* where, as here, the appeal challenges an "order remanding a case to the State

---

[2] The United States claims to have received notice of this action on July 30, 2018. Mot. to Dismiss at 12.

court from which it was removed pursuant to section 1442 or 1443." 28 U.S.C. § 1447(d) (remand orders for removals under §§1442 and/or 1443 "*shall be reviewable by appeal or otherwise*.") (emphasis added). Pursuant to §1447, this Court, therefore, has jurisdiction under 28 U.S.C. §1291, as the remand order effectively ends proceedings in federal court. *Dayton v. Alaska*, 584 F. App'x 699 (9th Cir. 2014); *Washington v. Monsanto Company*, 738 Fed. Appx. 554 (2018).

Instead of confronting 28 U.S.C. §1447(d)'s explicit exception – which requires appellate review here – the United States dodges it entirely and proceeds to argue the merits of the very issues on appeal, including: (1) whether a deemed PHS employee is considered a federal employee, or a person acting under a federal agency or official, for purposes of 28 U.S.C. §1442; (2) whether Afework properly notified the United States for purposes of 42 U.S.C. §233(b); (3) whether the United States timely appeared in state court as contemplated by §233(*l*)(2); and (4) whether the United States, by appearing in state court, can strip the district court of subject matter jurisdiction and preclude the judicial review that §233(*l*)(2) otherwise affords and mandates. Such arguments, however, are more appropriately raised in a brief on the merits, not a motion to dismiss for lack of jurisdiction.

Indeed, in 2011, Congress amended 28 U.S.C. §1447(d) to include an exception to the bar of review of remand orders for §1442 removals "to ensure that any individual drawn into a State legal proceeding based on that individual's status

as a Federal officer has the right to remove the proceeding to a U.S. district court for adjudication." *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 467 (3d Cir. 2015) (quoting H.R. Rep. No. 112–17, pt. 1 (2011)).  The United States does not cite a single case after Congress' 2011 amendment to §1447(d) where a court declines to exercise appellate jurisdiction for a case removed under §1442; and Afework found none.  The purpose of §1442's removal right is to ensure that state courts lack authority to hold federal officers (or persons acting under a federal officer) liable for acts performed in the execution of their duties. H.R. REP. 112-17, 1-2, 2011 U.S.C.C.A.N. 420, 420-21(Feb. 28, 2011).

Whether Afework properly "invoked 28 U.S.C. §1442(a)(1) as a basis for removal" and "the district court properly ruled that he could not rely on that provision" (Mot. to Dismiss at 11) are issues for this Court to decide on the merits of the appeal. But even if he had to prevail on those issues first, to establish the Court's jurisdiction, he could do so.

### 1.  Afework May Remove the Action Pursuant to §1442

In its motion, the United States attempts to argue that the Court does not have jurisdiction over the instant matter as Afework's removal pursuant to §1442 was improper as he is not a federal officer. However, the United States' position is supported neither by facts nor statutory or case law. Mot. to Dismiss at 14.

Per its plain reading, 28 U.S.C. §1442 (emphasis added) mandates that (a) [a] civil action …that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States: (1) The United States or any agency thereof or any officer (*or any person acting under that officer*) of the United States *or of any agency thereof*, in an official or individual capacity, for or relating to any act under color of such office." The statute does not narrowly limit its provisions to those defined as "officers" of the United States, but also to those individuals who are acting under such officers or agencies of the United States.

As described in greater detail above, a favorable deeming determination by the Secretary (which "*deems employees of such entity as employees of the Public Health Service*" for purposes of § 233(a) immunity) is "final and binding" (42 U.S.C. §233(g)(1)(A),(D)-(F) (emphasis added)) on the Secretary of HHS, the Attorney General, and any party to any civil action or proceeding with respect to the designated time period. Logically, the *final and binding* determination (as well as the Attorney General's duty to defend) from suit is conferred on individuals who are sued for "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions … *by any commissioned officer or employee* of the Public Health Service." 42 U.S.C. §233(a). Consequently, as succinctly laid out under the statutory scheme and as per the factual

history, Afework was a deemed employee the Public Health Service, a United States agency, who was working pursuant to the public health grant, and is thus entitled to removal to the District Court pursuant to the provisions of §1442.

Furthermore, "Section 1442(a) is an exception to the well-pleaded complaint rule, under which (absent diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *Kircher v. Putnam Funds Trust,* 547 U.S. 633, 644 n. 12 (2006) (internal quotation marks omitted). Under this statute, a colorable federal defense is sufficient to confer federal jurisdiction. *See id.* Unlike the general removal statute (28 U.S.C. §1441), the federal officer removal statute (§1442) is to be broadly construed in favor of a federal forum. *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969). ("the officer removal statute is not narrow or limited," but "broad enough to cover all cases where federal officers can raise a colorable defense"). Afework presents a colorable federal defense, and his contentions should be construed broadly in favor of maintaining the federal forum. The actual merits of such federal defense should be decided in the course of this appeal, rather than the instant motion.

Moreover, the United States attempts to preclude proper judicial review on the district court's decision by brazenly and disingenuously arguing that "Afework's attempt to rely on §1442(a)(1) is particularly improper because the Attorney General's designee "*timely appeared*" in state court and stated that Afework was not

15

acting as a deemed federal employee." Mot. to Dismiss at 16 (emphasis added). However, the "timely appearance" which the United States describes is really two notices, wherein only the second notice lodged on September 12, 2018 declares that Afework was not a deemed federal employee. Doc. 39-1 at 88. However, the matter had been removed and notice thereof given to the state court on July 30, 2018. Thus, pursuant to §1446(d), any such notice lodged or filed after the removal date, cannot be considered as a "timely appearance" before the state court, as the state court no longer possessed jurisdiction to take such an appearance. Consequently, the United States' argument should not be considered.

The United States further contends (at 15-16) that Afework cannot invoke §1442 as a basis for removal because "he was employed by Eisner" that is a private entity that "receives grant money from HHS" and because his status as a deemed PHS employee (which is a type of federal employee) is for purposes of §233 only. In making this argument, the United States ignores the plain and expansive language of §1442, which extends beyond *actual* "federal officers" to include "*any* officer (or *any person acting under that officer*) of the United States or of any agency thereof, in an official or individual capacity*, for or relating to any* act under color of such office." 28 U.S.C. §1442(a)(1) (emphasis added).

Afework has more than a colorable federal defense for purposes of §1442 removal. A number of courts have recognized that federal grant recipients and their

employees meet the requirements for removal under §1442 for the assertion of their federal defenses. *See, e.g., In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Philadelphia,* 790 F.3d 457, 461 (3d Cir. 2015), *as amended* (June 16, 2015) (finding that state court defendants employed by the Federal Community Defender Organization for the Eastern District of Pennsylvania, a private, nonprofit federal grant recipient, met §1442(a)(1)'s removal requirements); *State of Or. v. Cameron*, 290 F. Supp. 36, 37 (D. Or. 1968) (finding that defendants who were serving in the federally-funded, VISTA program properly removed the case against them pursuant to §1442).

The United States itself invoked §1442 federal officer removal on behalf of an Eisner provider (and prior to the United States' substitution) where the alleged malpractice occurred while the provider was doing precisely what Afework did here – provide grant-approved medical services at CHMC, a grant-supported location, on behalf of Eisner pursuant to the same coverage agreement between Eisner and CHMC at issue in this case. *See* Doc. 42-2 (*Alvarez v. Cox*, 08-cv-08462-DDP-E). The United States has also removed numerous cases pursuant to 1442 to federal court on behalf of other deemed PHS employees of federally-funded health centers. *See Rosenblatt v. St. John's Episcopal Hospital*, 2012 WL 294518, *1 (E.D.N.Y. Jan. 31, 2012); *Gabriel v. Alger*, 2015 WL 1042507, * 1 (D.Colo. Mar. 5, 2015); *Nichols v. Sabzwari*, 2017 WL 6389634 (D.S.C. Nov. 13, 2017).

"Section 1442 does not require a prior determination of the defendant's employment status by the Executive Branch or an appearance by the Attorney General for proper removal." *Allen v. Christenberry*, 327 F.3d 1290, 1296 (11th Cir. 2003) (quoting 28 U.S.C. §1442(a)(1)). In fact, Afework's basis for removal is much stronger than a private contractor or the typical federal grantee defendant asserting that he was "acting under" the federal officer given that the Secretary issued a "final and binding" determination, which deems him to be a federal Public Health Service employee, for purposes of §233(a) absolute immunity. Doc. 1-3. Contrary to the United States assertion, the Secretary's "final and binding" determination , which deemed Eisner and its employees (including Afework) to be PHS employees is more than a "legal fiction," as that status affords them the federal right to be from liability and the burdens of litigation with respect to any civil action or proceeding "resulting from [their] performance of medical, surgical, dental, or related functions […] while acting within the scope of [their] office or employment." 42 U.S.C. §233(a). To conclude otherwise, renders the FSHCAA meaningless.

At all relevant times, Afework was acting under Eisner's federal grantor agency, the HRSA of HHS. Specifically, at the time of the alleged negligence on November 14, 2014, Afework provided HRSA-approved medical and/or surgical services to plaintiff at one of the service sites that HRSA specifically designated as being within the scope of Eisner's federal grant project. Doc. 1-5. As Section 330

grantee, Eisner, through its employees, including Afework, assist HHS with carrying out its mission of providing health services to medically underserved populations. 42 U.S.C. §254b(a)(1).

Afework's acts (or omissions) of providing labor, delivery, or any other related services to plaintiff at the hospital was on behalf of Eisner, as a deemed federal entity that is required by Section 330 of the PHS Act to provide "health services related to […] pediatrics, obstetrics, or gynecology." 42 U.S.C. §254b(b)(1)(A)(i)(I). With respect to 2014, the Secretary of HHS issued a "final and binding" Notice of Deeming Action, which provides that Eisner and its officers, directors, and employees, including Afework, are deemed to be federal employees of the Public Health Service for purposes of § 233(a)'s absolute immunity. Doc. 1- 3.

## 2. Afework's Removal was Timely Pursuant to § 1442

The United States attempts to argue that the removal pursuant to 28 U.S.C. §1442 was untimely. The United States argues that a proof of service was filed by Plaintiff on "March 27, 2018 … but Afework did not remove the action until many months later." Mot. to Dismiss at 14.

28 U.S.C. §1446 (emphasis added) requires that a defendant file a notice of removal of civil action "within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, the Complaint was originally

filed on February 16, 2016. Pursuant to California Rule of Court 3.110(b), a Complaint is required to be served within 60 days of its filing. More than two years later, before Afework was aware or was served with the Complaint, the State Court required Plaintiff to show cause as to why the Complaint has not been served on Afework. On March 27, 2018, *a mere two days* before the said order to show cause, Plaintiff rushed to file a proof of service. This, again, was untimely and improper pursuant to California Rule of Court 3.310(i), which requires such a proof of service to be file at least *five days* before such an order showing cause. Consequently, there were already defects in the service as performed by Plaintiff.

In reality, Afework first received notice of the lawsuit via a letter from co-defendant Dignity Health's counsel from June 27, 2018. Doc. 29-1. Afework secured counsel and filed a notice of removal on July 27, 2018. Consequently, despite a lack of proper service of Complaint by Plaintiff, Afework timely removed the instant matter from the first notice of the lawsuit from his co-defendant. As presented above, unlike the general removal statute (28 U.S.C. §1441), the federal officer removal statute (§1442) is to be broadly construed in favor of a federal forum. *Willingham*, 395 U.S. at 406-407. There is sufficient colorable federal defense here, as the timeliness and propriety of the service of process is a material question, subject to the instant appeal. Consequently, for the purposes of the instant motion, the removal

should be construed in favor of Afework, to allow him to resolve the question of his federal immunity.

Furthermore, "[although] the 30-day time limit is mandatory, it is not jurisdictional. Thus while the Court has no power to extend the time limit, a party may by action which constitutes a waiver, lose his right to object to a late filing." *Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968) citing *Mackay v. Uinta Development* Co., 229 U.S. 173 (1913). "To constitute a waiver or consent to the federal court's assumption of jurisdiction, however, there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Id.*

On August 3, 2018, the District Court filed an Order to Show Cause, demanding that Afework present reasons as to why the matter should not be remanded on the ground of improper removal. *See* Doc. 16. Following a filed stipulation to extend Afework's time to file a response signed by both Plaintiff and co-Defendant (Doc. 22), Afework filed a response on August 17, 2018. Doc. 29. In the said response, Afework presented the same arguments as above that the proof of service was defective and untimely, and that Afework was not served properly. No other party, including Plaintiff, co-Defendant, or the United States filed any reply to Afework's response, or disputed Afework's assertions in the response as to service of process. "District courts have no authority to remand a case *sua sponte* for

procedural defects." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (declining to create a circuit split and adopting the same interpretation of five other circuit courts). Consequently, the parties have missed their opportunity to challenge the arguments as to the timeliness of Afework's removal, and have thus affirmatively waived such an objection. Again, removal in cases pursuant to §1442 should be broadly construed in favor of a federal forum. Consequently, the United States' motion should be denied to allow any questions as to the service be materially decided on appeal.

## B. The collateral order doctrine provides the Court with jurisdiction to review the district court's order denying substitution

The district court's order with respect to Afework's motion for substitution is reviewable. The remand order itself need not be reviewed to evaluate the district court's denial of Afework's motion for substitution and the district court's decision with respect to §233(*l*)(2)'s removal standard. But even still, review is broader here and need not be limited to these two disputes because the bar on reviewability does not apply. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 710 (1996).

To the extent the United States relies on this Court's dismissal order in *L.D.Q. v. Dignity Health*, No.18-55341 (July 19, 2018), this case is distinguishable. In *L.D.Q.*, the removing defendants' notice of removal only cited §233(*l*)(2) as their basis for removal, and the only motions before the district court were the remand motions of the United States and Plaintiffs. Here, in addition to citing §233(*l*)(2),

Afework's removal petition also expressly invoked 28 U.S.C. §1442. Further, unlike the deemed defendants in *L.D.Q.*, Afework filed a motion for substitution of the United States as the mechanism to vindicate his right to §233(a) immunity. Afework's motion to substitute was fully briefed and decided by the district court, and is sufficient to establish a collateral order that should be reviewed by this Court. Further, the Court's decision entirely fails to address the collateral order doctrine.

Under the collateral order doctrine, it is well-established that orders denying immunity and substitution of the United States are considered final decisions for purposes of appeal. *Osborn v. Haley*, 549 U.S. 225, 239 (2007) (collecting cases from every circuit court of appeal); *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985); *Pelletier v. Fed. Home Loan Bank of San Fran.*, 968 F.2d 865, 875 (9th Cir. 1992). *Osborn*, *Mitchell*, and *Pelletier* each conclude that appellate review of immunity and substitution determinations is available pursuant to the collateral order doctrine. These cases were also decided before §1447(d)'s 2011 amendments, which expressly provide for review of cases removed pursuant to §1442. As such, even though §1447(d) does not expressly reference §233(*l*)(2) as an exception to the bar on reviewability, this Court can exercise jurisdiction over this appeal pursuant to collateral order doctrine.

Immediate review of district court orders denying absolute immunity provided under §233(a) is no exception. *See Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir.

23

2000) (district court order denying §233(a) immunity is appealable*); Schrader v. Sandoval*, 203 F.3d 827, 2  (5th Cir. 1999) (finding that for purposes of assessing appellate review, there is "no reason to distinguish between the immunity-conferring provisions of [Section 233(a) of the Public Health Service Act and the Westfall Act, 28 U.S.C. § 2679].");  *Hui*, 559 U.S. at 806; *Allen*, 327 F.3d at 1296.

Although orders denying immunity do not terminate the litigation, the collateral order doctrine treats such orders as "final decisions" because such orders conclusively "determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

Afework satisfies the requirements of the *Cohen* collateral order doctrine. Here, the Court's order remanding the case to state court and denying Afework's motion for substitution raising federal statutory immunity under §233(a) is separable from the merits of Plaintiff's underlying medical malpractice claims against him. The issue of whether he is entitled to §233(a) absolute immunity with respect to Plaintiff's claims is not only too important to be denied review, but it is entirely separate from the merits of the underlying malpractice claims. Absent appellate review, Afework would lose his right to a federal forum and much less immunity, as

the case to which his claim of immunity applies would be "erroneously permitted to go to trial in state court." *Mitchell*, 472 U.S. at 526.

Further, the issues with respect to whether Afework properly removed the case pursuant to §1442 and §233(*l*)(2) are also important issues of first impression that are separate from the merits of plaintiff's case. Afework's right to a federal forum to assert his absolute immunity defense turns on these procedural issues of law, rather than on disputed facts. If those issues are not reviewed by this Court, the Attorney General will be able to circumvent the Secretary's "final and binding" deeming determination and greatly erode the protections Congress intended to afford deemed PHS employees, who are acting as members of and under the Secretary's Public Health Service.

Review of the district court's narrow interpretation of removals under §233(*l*) is also a collateral issue that should be decided on appeal. Specifically, the district court's reading that only a mere appearance within 15 days, without advising the state court whether the Secretary deemed the individuals to be federal employees for purposes of the claims alleged in the complaint, completely renders the Secretary's "final and binding" deeming determination meaningless. This issue is particularly problematic because if the district court's incomplete and flawed reading of §233(*l*) is permitted to circumvent appellate review, the Attorney General can effectively evade any judicial review by simply making an appearance in state court without

satisfying the rest of §233(*l*)'s requirements – that is to report whether the named defendant is deemed to be a PHS employee and review the complaint to determine whether the alleged conduct occurred within the period of time for which the named defendant was deemed. This requires more than simply saying that whether the Secretary deemed Afework to be a federal employee was "under consideration." Doc. 39-1 at 80-81. Further, whether a deemed individual was acting within the scope of his deemed employment can be a time consuming inquiry that may require a hearing to resolve and is properly addressed upon removal, not within the 15-day period provided by §233(*l*)(1).

Based on the United States' position, no court could ever review the district court's decision to assess the breadth or constraints of §233(*l*)(2)'s removal provision. This position, however, yields a result that all but dictates the outcome of cases raising absolute immunity in a way that is contrary to controlling Supreme Court precedent that mandates judicial review in such cases. *Willingham*, 395 U.S. at 406-407. The district court should not have the final word on a statute that was intended to afford a federal forum. Federal appellate court should be the final court to speak on the standard of review.

The removal right under §233(*l*)(2) exists to address the fact that the Attorney General had been second-guessing the deeming determinations of the Secretary of the HHS and otherwise failing to promptly appear in state court to advise the state

court of the Secretary's deeming determination with respect to occurrence of the acts or omissions at issue in the state action or proceeding. H.R. Rep. No. 104-398 at 7, 1995 U.S.C.C.A.N. 771-72.

To prevent the Attorney General from second guessing the Secretary's determination, Congress removed Secretary's requirement to consult the Attorney General (*Id*.), required that the "final and binding" deeming determination be made in advance of the coverage period (§233(g)(1)(F)), imposed a mandatory duty on the Attorney General to appear and advise the state court of the Secretary's deeming determination (§233(*l*)1)), and made such advice satisfy (as a matter of law) the Attorney General's scope of employment determination under §233(c) for purposes of removal (*Id*.). These procedural modifications plainly restricted the discretion of the Attorney General and ensured a federal forum to not only guard against the risk of default judgment, but to safeguard the federal right to immunity. H.R. Rep. No. 104-398 at 7.

Despite the United States' extensive efforts to shield the Attorney General's refusal to certify that Afework was acting within the scope of his employment, the Attorney General is not entitled to the last word. Given the inherent conflict of interest in certification decisions, those decisions are reviewable, as issues of immunity are too important to be denied review and the Attorney General must not be permitted to be the final arbiter in his own case. *Gutierrez de Martinez v.*

*Lamagno*, 515 U.S.C. 417 (1995). This is especially true when issues of federal absolute immunity and substitution should be decided at the earliest opportunity, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Osborn*, 549 U.S. at 253, and before a federal forum.

## Conclusion

Based on the foregoing, the Court should deny the United States' motion to dismiss and exercise its jurisdiction over Afework's appeal.

DATED: February 25, 2019     *s/ Jonay Foster Holkins*

FELDESMAN TUCKER LEIFER FIDELL LLP
Jonay Foster Holkins
Matthew S. Freedus
1129 20th Street NW, 4th Floor
Washington, DC 20036
(t) (562) 432-5855
(f) (562) 432-8785
jholkins@ftlf.com
mfreedus@ftlf.com

LAW + BRANDMEYER, LLP
Gregory G. Geer
2 North Lake Avenue, Suite 820
Pasadena, CA 91101
(t) (626) 243-5500
(f) (626) 243-4799
ggeer@lawbrandmeyer.com

*Attorneys for Sebhat Afework, M.D.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this opposition to the United States' motion to dismiss complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 6,498 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).  I further certify that this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(e), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word in a proportionally spaced typeface, 14-point Times New Roman typeface.


By: *s/ Jonay Foster Holkins*

_____

## CERTIFICATE OF SERVICE

On February 25, 2019, I hereby certify that I electronically filed the foregoing with the clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

By: *s/ Jonay Foster Holkins*

_____