

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel.: (202) 551-7962

VIA CM/ECF

September 11, 2020

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939
(415) 355-8000

    Re:    *Babbitt v. Afework* (No. 18-56576) & *K.C. v. Khalifa* (No. 18-56520)

Dear Ms. Dwyer:

    Pursuant to Circuit Rule 36-4, Appellee the United States requests that this Court publish its opinion in the above-captioned cases filed on August 10, 2020 (Kleinfeld and Nguyen, Circuit Judges, and Pauley, District Judge, sitting by designation). The opinion "clarifies a rule of federal law," Cir. R. 36-2, because it confirms that "[r]emands of cases removed pursuant to section 233" of the Public Health Service Act, 42 U.S.C. § 233, are "unreviewable" pursuant to the general rule that remand orders are not reviewable on appeal, *see* 28 U.S.C. § 1447(c)-(d), and makes clear that an appellate court may not review the merits of colorable district court decisions remanding those cases. Op. 5.

    Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." This Court's opinion correctly held that, through section 1447(d), Congress placed broad limits on the authority of federal appellate courts to review district court orders remanding removed cases to state court, including a remand due to the failure to comply with the terms of section 233's removal provisions. Op. 3-5.

    While this Court's ruling is a straightforward application of these principles, appellate jurisdiction over suits removed under section 233 continues to be a matter of confusion for litigants. *See Sherman v. Sinha*, No. 19-55697 (9th Cir.) (case held in abeyance pending the outcome of these cases); Dkt. No. 23, *L.D.Q. v. Dignity Health*, No. 18-55341 (9th Cir. July 19, 2018) (order dismissing appeal after concluding that this Court thus "lack[s] jurisdiction to review the district court's remand order because the district court granted" the government's motion to remand for lack of subject-matter jurisdiction "based on its determination that the removal was not

authorized under 42 U.S.C. § 233(l)(2)"); *Agyin v. Razmzan*, No. 19-227 (2d Cir.). A published decision by this Court will not only provide clarity to courts within this Circuit, but will also offer persuasive guidance to other courts addressing this issue. And it would be consistent with a recent decision by the Eleventh Circuit holding that, regardless of whether "the district court might have made a legal error in remanding the case for lack of subject matter jurisdiction" under section 233, the court of appeals did not "have appellate jurisdiction to review the remand in the first place." *Thomas v. Albany Area Primary Healthcare, Inc.*, No. 19-11187, slip op. 18 (11th Cir. Aug. 25, 2020).

The Supreme Court has made clear that courts should "favor[] clear boundaries in the interpretation of jurisdictional statutes." *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 11 (2015). The opinion in this case embraces that principle and should be published.

Sincerely,

Martin Totaro
s/ *Martin Totaro*

cc:    all counsel (by CM/ECF)